**DLD-187**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1238
_____

RAHEEM WILCOX,
Appellant

v.

SERGEANT J. MARTINEZ, Sergeant at East Jersey State Prison, Individual and official
capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-08032)
District Judge:  Honorable Kevin McNulty

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 27, 2021

Before: JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 21, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Raheem Wilcox, an inmate proceeding pro se and in forma pauperis, appeals from the dismissal of his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. Wilcox is a New Jersey state prisoner who was housed at East Jersey State Prison. In 2018 Wilcox filed a civil rights complaint under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights when they terminated him from his job as a prison barber following his filing of a grievance requesting more pay.

Wilcox was assigned to work as a barber in the "wing division" of the prison. In 2017, he filed a grievance because wing division barbers were paid less than barbers who were assigned to the "down under school" division. The prison administration initially responded that they would raise the wing barber's pay but ultimately decreased the pay of the down under barbers to the same level as the wing barbers instead.

Around six months later, in early January 2018, Wilcox developed a skin lesion on his hand because he lacked gloves and cleaning products for his hair clippers. In late January, Wilcox asked Sergeant Martinez for gloves and cleaning products, and to have his barber tools inspected. Prior to this request, Wilcox had been asking another

2

incarcerated barber for cleaning supplies. Sergeant Martinez had the tools picked up to be inspected and later informed Wilcox that the tools had not been kept clean and were starting to rust. The next day, Wilcox was fired from his position as a barber.[1] Wilcox then filed a grievance against Sergeant Martinez objecting to his termination.

After his grievance was denied, Wilcox filed a civil rights complaint alleging violations of his First, Eighth, and Fourteenth Amendment rights.[2] The District Court dismissed his complaint without prejudice because Wilcox failed to state a claim. Wilcox filed an amended complaint which was nearly identical to his previous complaint but included additional supervisory defendants. The District Court again dismissed for failure to state a claim but gave Wilcox one final opportunity to amend his complaint.

Wilcox then filed another amended complaint which was again nearly identical to his prior filings.[3] He named Martinez as the only defendant alleging: 1) that his First Amendment rights were violated because he was fired in retaliation for filing a grievance over the pay disparity; and 2) that his Fourteenth Amendment equal protection rights were violated because he was not provided proper cleaning supplies that other barbers

---

[1] Wilcox does not allege how the prison justified his termination, although it appears to be related to the state of his haircutting equipment.

[2] Wilcox's initial complaint was rejected because he failed to adequately apply for in forma pauperis status. After he was granted IFP status, he filed an amended complaint which was evaluated by the District Court.

[3] Wilcox simultaneously submitted two amended complaints. They are substantively identical and the District Court considered them both.

received.  Wilcox sued Martinez in his individual and official capacities and sought only damages.

The District Court screened Wilcox's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it with prejudice after concluding that Wilcox failed to state a claim.  Wilcox timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissal under § 1915(e)(2)(B)(ii) is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Wilcox is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  We may summarily affirm if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

4

III.

Because Wilcox failed to establish a causal link between the grievance he filed and his termination, the District Court properly dismissed the retaliation claim.[4] To state a prima facie case of First Amendment retaliation, a claimant must allege that (1) he engaged in constitutionally protected conduct, (2) he suffered an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted). Where a causal link cannot be shown with direct evidence, a plaintiff may try to establish the connection by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). The District Court correctly concluded that Wilcox failed to meet the third prong of the Rauser test because he did not plausibly allege a causal link between the exercise of his constitutional rights and the adverse action.

Wilcox satisfied the first two prongs of the Rauser test because requesting a grievance is a constitutionally protected activity, see Watson v. Rozum, 834 F.3d 417,

---

[4] The District Court appropriately dismissed the official-capacity damages claims against Martinez. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

5

422–23 (3d Cir. 2016), and being terminated from prison employment is an adverse action. See, e.g., Mack v. Warden Loretto FCI, 839 F.3d 286, 297 (3d Cir. 2016), overruled in part on other grounds by, Bistrian v. Levi, 912 F.3d 79, 95–96 (3d Cir. 2018). However, Wilcox failed to plead sufficient facts to establish a causal link between his grievance and his termination.

Wilcox was fired in January 2018, around six months after he filed his grievance over the pay disparity. Martinez was not the subject of the grievance, did not handle the grievance, was not responsible for evaluating the pay difference, and was not alleged to be aware that the grievance had been filed. Wilcox appears to rely merely on the fact that he was fired after filing the grievance, but the six-month gap between those two events undermines the suggestion that one caused the other. Compare Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989) (reversing summary judgment in favor of the defendant where plaintiff had been discharged two days after his employer's receipt of his EEOC claim) with LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007) ("[A] gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation."), and Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007) (five-month period between complaint and adverse action insufficient to raise inference of causation).

Wilcox failed to allege a pattern of antagonism sufficient to establish the causal link. See Watson, 834 F.3d at 424. Wilcox states that he lacked necessary cleaning

6

supplies and that this contributed to him developing a skin lesion and failing to maintain his barbering tools. However, Wilcox indicates that he made only one request for cleaning supplies to Martinez. Prior to that point, he had been requesting supplies from another incarcerated barber. Wilcox failed to demonstrate that Martinez was aware of the prior requests or had directed the other barber to deny the supplies and did not connect the denial to his prior grievance. Accordingly, Wilcox failed to allege sufficient facts to suggest that Martinez was antagonistic towards him. See LeBoon, 503 F.3d at 232–33 (Evidence of intervening antagonism might include "inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus.").

We also agree with the District Court's determination that Wilcox failed to state a claim that Martinez violated his rights under the Equal Protection Clause of the Fourteenth Amendment by failing to provide him with cleaning supplies for his barber tools. As Wilcox does not claim discrimination based on membership in a protected class, he must allege arbitrary and intentional discrimination to state an equal protection claim. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (citing Olech, 528 U.S. at 564). Wilcox failed to plead a constitutional

7

violation both because he does not allege that he was treated differently from other barbers and because he failed to establish that Martinez was responsible for an ongoing denial of cleaning supplies. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 244 (3d Cir. 2008) (To prevail under a class-of-one theory, plaintiff bears the burden of showing he "was intentionally treated differently from others similarly situated . . . and that there is no rational basis for the difference in treatment."); Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010) (holding that "mere conclusory allegations" could not support equal protection claim).[5]

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.[6]

---

[5] Wilcox's initial complaint also alleged that his Eighth Amendment rights were violated because the denial of cleaning supplies contributed to the development of his skin lesion. Although he did not pursue his Eighth Amendment claim in his final complaint, we address it out of an abundance of caution because Wilcox has proceeded pro se. Wilcox's Eighth Amendment claim fails because his complaint does not suggest that the skin lesion qualify as a "serious medical need," and does not allege that Martinez, or anyone else, was deliberately indifferent to them. See Estelle v. Gamble, 429 U.S. 97 (1976).

[6] Appellant's motion to appoint counsel is denied.